## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Zuobiao Yuan, Xiaotian He, and Lili Tian, individually and on behalf of all other similarly situated individuals,

        Plaintiffs,

vs.

TCM Health Center, Inc.,

The American Academy of Traditional Chinese Medicine, Inc., doing business as American Academy of Acupuncture and Oriental Medicine, Inc.,

Changzhen Gong,

Wei Liu,

and the successors of the American Academy of Traditional Chinese Medicine, Inc. and TCM Health Center, Inc.

        Defendants.

**Case No. 0:21-cv-00963**

**PLAINTIFFS' INDIVIDUAL, COLLECTIVE, AND CLASS ACTIONS COMPLAINT
(JURY TRIAL DEMANDED)**

---

Plaintiffs Zuobiao Yuan, Xiaotian He, and Lili Tian ("Plaintiffs"), individually and on behalf of all other similarly situated current and former employees of the American Academy of Traditional Chinese Medicine, Inc., doing business as American Academy of Acupuncture and Oriental Medicine, Inc. and TCM Health Center, Inc., bring this action against the American Academy of Traditional Chinese Medicine, Inc., doing business as American Academy of Acupuncture and Oriental Medicine, Inc., TCM Health Center, Inc., Changzhen Gong, Wei Liu, and the successors of the American Academy of Traditional Chinese Medicine, Inc. and TCM Health Center, Inc. (collectively referred to as "Defendants"), for damages and other relief relating to their unlawful employment practices. Plaintiffs state and allege the following against Defendants:

## INTRODUCTION

1.     This case is about a Chinese medicine school and its acupuncture clinics' illegal, intentional, and systematic scheme to deprive their acupuncturists and acupuncture instructors of straight time and overtime compensation for all of their hours worked, improper deduction of their pay, and a series of misconduct in violation of state and federal laws.

2.     Specifically, Defendants (1) willfully failed to pay straight time wages in violation of the FLSA; (2) willfully failed to pay straight time wages in violation of the MFLSA; (3) willfully failed to pay overtime wages in violation of the FLSA; (4) willfully failed to pay overtime wages in violation of the MFLSA; (5) unlawfully deducted 5% of all wages earned by their acupuncturists and acupuncture instructors in violation of the MFLSA; (6) willfully failed to provide meal breaks in violation of the MFLSA; (7) willfully failed to maintain records of all hours worked in violation of the MFLSA; and (8) willfully failed to maintain and provide proper wage statements in violation of Minnesota Payment of Wages Act.

3.     Plaintiffs bring this proposed collective and class action against Defendants on behalf of all individuals who have worked for Defendants as acupuncturists and acupuncture instructors at any time three years prior to the filing of this Complaint to the present.

4.     Plaintiffs bring this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") for failure to pay federally mandated straight-time wages and overtime compensation.

2

5.      Plaintiffs also bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Minnesota state law, including but not limited to the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et seq. ("MFLSA"), and the supporting regulations.

6.      Defendants have willfully engaged in a pattern, policy, and practice of unlawful misconduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiffs, others similarly situated, and members of the proposed Minnesota Rule 23 Class.

## PLAINTIFFS

7.      Plaintiff Zuobiao Yuan ("Mr. Yuan") is an adult resident of the State of Minnesota.  Mr. Yuan had worked for Defendants as an acupuncturist and acupuncture instructor from April 2018 to October 2020.  Pursuant to 29 U.S.C. § 216(b), Mr. Yuan had consented in writing to be a party to the FLSA claims asserted in this action.  His signed consent form is attached as Exhibit A.

8.      Plaintiff Xiaotian He ("Ms. He," pronounced as "Her") is an adult resident of the State of Minnesota.  Ms. He is a current acupuncturist and acupuncture instructor and has been working in these roles for Defendants since September 2016.  Pursuant to 29 U.S.C. § 216(b), Ms. He had consented in writing to be a party to the FLSA claims asserted in this action.  Her signed consent form is attached as Exhibit B.

9.      Plaintiff Lili Tian ("Ms. Tian") is an adult resident of the State of Minnesota.  Ms. Tian is a current acupuncturist and acupuncture instructor and has been working in these roles for Defendants since September 2013.  Pursuant to 29 U.S.C. §

216(b), Ms. Tian has consented in writing to be a party to the FLSA claims asserted in this action. Her signed consent form is attached as Exhibit C.

10.    Plaintiffs and others similarly situated are current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

11.    Plaintiffs and the proposed Minnesota Rule 23 Class are current and former employees of Defendants within the meaning of Minn. Stat. § 177.23, Minn. Stat. § 177.24, and other applicable laws.

12.    Plaintiffs, others similarly situated, and members of the proposed Minnesota Rule 23 Class have been employed by Defendants within the three years prior to the filing of this lawsuit.

## DEFENDANTS

13.    Defendant American Academy of Traditional Chinese Medicine, Inc., doing business as American Academy of Acupuncture and Oriental Medicine, Inc. ("Defendant AAAOM") is a Minnesota corporation with its principal place of business located in Roseville, Minnesota. Defendant AAAOM is a private educational institution that focuses on teaching traditional Chinese medicine and techniques. It is operated in conjunction with Defendant TCM Health Center, Inc.

14.    Defendant AAAOM is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(l), and, upon information and belief, Defendant AAAOM has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

4

15.     Defendant TCM Health Center, Inc. ("Defendant TCM") is a Minnesota corporation with its principal place of business located in Roseville, Minnesota. Defendant TCM operates a group of clinics that offer acupuncture and massage services to the public.  It is the clinical arm of Defendant AAAOM.

16.     Defendant TCM is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(l), and, upon information and belief, Defendant AAAOM has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

17.     Plaintiff, and all those similarly situated, are or were individual employees of Defendant AAAOM and Defendant TCM engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

18.     At all relevant times, Defendant AAAOM and Defendant TCM are, and have been, "employers" of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

19.     Defendant Changzhen Gong ("Defendant Gong") and Defendant Wei Liu ("Defendant Liu") jointly operate AAAOM and TCM and jointly own AAAOM and TCM during the relevant time periods.

20.     Based upon information and belief, during the relevant time periods, Defendants Gong and Liu had treated the bank accounts of AAAOM and TCM as their personal bank accounts and had withdrawn large sums of cash for their personal use and commingling their personal assets with the assets of AAAOM and TCM.

21.    Based upon information and belief, during the relevant time periods, Defendants Gong and Liu had failed to follow the necessary corporate formalities on more than one occasions, including without limitation, failure to hold annual meetings of directors and shareholders, failure to keep accurate and detailed records of important decisions that are made at the meetings, failure to make sure that corporate officers and agents abide by the corporate bylaws.

22.    In the past few years, the Minnesota Office of Higher Education ("OHE"), the enforcement agency regulating private educational institutions in Minnesota, has been investigating Defendants for allegedly prostituting and trafficking its students and interns for profit.  On February 22, 2020, OHE issued a report "determine[ing] there is a theme of prostitution and/or human trafficking related to [Defendants'] students and/or internship sites."  Exhibit D.  On June 2, 2020, Defendant Gong, with the consent of Defendant Liu, entered into a consent order with OHE, agreeing to shut down Defendants' operation in exchange for OHE to stop its investigation.  Exhibit E.

23.    Based upon information and belief, Defendants Gong and Liu had since improperly transferred the ownership and assets of AAAOM and/or TCM to an unknown entity to shield themselves from criminal liabilities associated with OHE's investigation as well as from legal liabilities in anticipation of this lawsuit.  The name of the successor entity, which is acting as the alter ego of Defendants, is unknown at this time.  Plaintiffs reserve the right to add additional parties to this litigation should their identities become known through discovery.

## JURISDICTION

24.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiffs' claims arise under § 207(a) of the FLSA.  Additionally, this Court has personal jurisdiction over Defendants since Defendants conduct business in the District of Minnesota.

25.    The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## VENUE

26.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

27.    The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former acupuncturists and acupuncture instructors employed by Defendants at any time since three years prior to filing this Complaint to the present (the "FLSA Collective").

28.    The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

All current and former acupuncturists and acupuncture instructors employed by Defendants at any time since three years prior to filing this Complaint to the present (the "Minnesota Rule 23 Class").

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.    Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

30.    Plaintiffs, those similarly situated, and the members of the proposed FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendants as acupuncturists and acupuncture instructors providing acupuncture-related services.

31.    Defendants have suffered and permitted Plaintiffs to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks. Upon information and belief, Defendants have also suffered and permitted the members of the FLSA Collective, and members of the Minnesota Rule 23 Class to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks.

32.    Plaintiffs and those similarly situated were not compensated in accordance with the FLSA and/or the MFLSA because they were not paid proper straight time wages for all hours worked and overtime wages for all hours worked over forty (40) and/or forty-eight (48) hours per workweek.

33.    Specifically, Defendants failed to pay Plaintiffs and those similarly situated for the straight time they had worked, and only paid for the time they spent when seeing patients, while requiring Plaintiffs to perform additional tasks without pay, including

without limitation, being staffed at the clinics, communicating with patients, billing patients, collecting bills, setting schedules with patients, and cleaning clinics.

34.    Further, where Plaintiffs had worked overtime seeing patients, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA ( 29 U.S.C. § 207), and/or over forty eight (48) in a workweek, which is required by the MFLSA (Minn. Stat. § 177.25), Defendant paid them "straight time" for all of their overtime hours worked.

35.    Defendants are aware, or should have been aware, that Plaintiffs, the FLSA Collective, and members of the Minnesota Rule 23 Class perform work that requires them to work overtime.

36.    During their employment with Defendants, Plaintiffs' hours have varied from week to week.  In certain workweeks, Defendants required Plaintiffs to work long hours due to staffing/scheduling needs.  As a result, Plaintiffs routinely worked long hours to ensure patients received the care needed, sometimes as much as approximately fifty (50) to (80) hours per week, depending on the needs of the client each workweek.

37.    During their employment with Defendants, Defendants deducted 5% of all wages earned by Plaintiffs.

38.    During their employment with Defendants, Defendants failed to provide meal breaks to Plaintiffs.

39.    During their employment with Defendants, Defendants failed to maintain records of all hours worked.

40.    During their employment with Defendants, Defendants failed to maintain and provide proper wage statements reflecting the pay and deductions.

41.    During their employment with Defendants, Plaintiffs had repeated requested such records from Defendants.  Defendants refused to provide such records to Plaintiffs.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

42.    Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

43.    Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring this action individually and on behalf of all similarly situated individuals in the Minnesota Rule 23 Class.

44.    The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendants, based upon information and belief, have employed at least 50 individuals as acupuncturists and acupuncture instructors during the applicable statute of limitations period.  Plaintiffs and the proposed Minnesota Rule 23 Class have been equally affected by Defendants' violations of law.

45.    There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over and questions solely affecting individual members of the proposed Minnesota Rule 23 Class, including but not limited to the following:

a.  Whether Defendants violated Minnesota law for failure to pay all straight time and overtime wages due and owing;

b.  Whether Defendants violated Minnesota law for deducting 5% of all wages paid to its accompanists and acupuncture instructors;

c.  Whether Defendants violated Minnesota law for failure to provide meal breaks;

d.  Whether Defendants violated Minnesota law for failure to maintain and provide records of all hours worked;

e.  Whether Defendants violated Minnesota law for failure to maintain and provide proper wage statements;

f.  The proper measure and calculation of damages; and

g.  Whether Defendant's actions were willful or in good faith.

46.  Plaintiffs' claims are typical of those members of the Minnesota Rule 23 Class. Plaintiffs, like other members of the proposed Minnesota Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint.  Further, Plaintiffs' job duties are typical of the Minnesota Rule 23 Class, as all class members are or were acupuncturists and/or acupuncture instructors.

47.  Plaintiffs will fairly and adequately protect the interest of the proposed Minnesota Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

48.  This action is properly maintainable as a class action under  Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting

11

individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

49.     Plaintiffs intend to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

**COUNT I – FAILURE TO PAY STRAIGHT TIME WAGES UNDER THE FLSA**

**29 U.S.C. § 201, et seq. On Behalf of Plaintiffs and the FLSA Collective**

50.     Plaintiffs individually, and on behalf of the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

51.     The FLSA requires employers to pay non-exempt employees the regular rate of pay for all hours worked.

52.     Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work without compensation, tasks included, without limitation, being staffed at the clinics, communicating with patients, billing patients, collecting bills, setting schedules with patients, cleaning clinics, preparing for classes, communicating with students, handling student-oriented tasks outside of the classroom time.

53.    Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper straight time compensation in violation of the FLSA.

54.    Defendants' failure to comply with the FLSA regular pay protections caused Plaintiffs and the FLSA Collective to suffer loss of wages and interest thereon.

55.    Plaintiffs and the FLSA Collective are entitled to unpaid straight time, liquidated damages, and attorney's fees and costs under the FLSA.

## COUNT II – FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA 29 U.S.C. § 201, et seq. On Behalf of Plaintiffs and the FLSA Collective

56.    Plaintiffs individually, and on behalf of the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

57.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

58.    Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 et seq. and its implementing regulations.

59.    Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

60.    Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective to suffer loss of wages and interest thereon.

61.    Plaintiffs and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## COUNT III – FAILURE TO PAY STRAIGHT TIME WAGES UNDER THE MINNESOTA FAIR LABOR STANDARDS ACT - Minn. Stat. § 177.21, et seq. On Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class

62.    Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate all allegations in all preceding paragraphs.

63.    Plaintiffs and the proposed Minnesota Rule 23 Class were or are employees of Defendants within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

64.    Defendants were or are the employer of Plaintiffs and the proposed Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

65.    The MFLSA requires employers to pay their non-exempt employees for all hours worked at their regular hourly rate of pay.

66.    Defendants failed to pay Plaintiffs and the proposed Minnesota Rule 23 Class for all hours worked at their regular hourly rate of pay, in violation of MFLSA.

67.    The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

68.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## COUNT IV – FAILURE TO PAY OVERTIME WAGES UNDER THE

## MINNESOTA FAIR LABOR STANDARDS ACT - Minn. Stat. § 177.21, et seq. On

### Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class

69.     Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23

Class, re-allege and incorporate all allegations in all preceding paragraphs.

70.     Plaintiffs and the proposed Minnesota Rule 23 Class were or are employees

of Defendants within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

71.     Defendants were or are the employer of Plaintiffs and the proposed

Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and

177.24.

72.     The MFLSA requires employers to pay their employees for hours worked

over forty-eight (48) in an individual work week at a rate no less than one and one-half

times their regular hourly rate of pay.

73.     Defendants failed to pay Plaintiffs and the Minnesota Rule 23 Class one

and one-half times their regular hourly rate for hours worked over forty-eight (48) in a

workweek, in violation of the MFLSA.

74.     The foregoing conduct constitutes a willful violation of the MFLSA within

the meaning of Minn. Stat. § 541.07.

75.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs

and the Minnesota Rule 23 Class have suffered damages in an amount to be determined

at trial.

**COUNT V – SYSTEMATIC WAGE THEFT AND IMPROPER DEDUCTION OF**

**PAY - Minn. Stat. Ann. § 181.79, on Behalf of Plaintiffs and the Proposed**

**Minnesota Rule 23 Class**

76.     Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate all allegations in all preceding paragraphs.

77.     Defendants have unlawfully withheld monies from compensation earned by Plaintiffs and the Proposed Class.

78.     The wage deductions Defendants made from Plaintiffs and Proposed Class Plaintiffs' pay were and are unlawful pursuant to Minnesota law. See M.S.A. § 181.06 Subd. 2; M.S.A. § 181.79 Subd. 1.

79.     As a direct and proximate result of Defendants' conduct, Plaintiffs have the Proposed Class have suffered substantial losses and have been deprived of compensation to which he was entitled, including monetary damage in an amount two times the amounts deducted, prejudgment interest, costs and reasonable attorney's fees.

**COUNT VI - VIOLATION OF MFLSA'S MEAL BREAK REQUIREMENTS -**

**Minn. Stat. § 177.253, on Behalf of Plaintiffs and the Proposed Minnesota Rule 23**

**Class**

80.     Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

16

81.    Minn. Stat. § 177.254 requires that "an employer must permit each employee, who is working eight or more consecutive hours, sufficient time to eat a meal."

82.    Defendants have violated Minn. Stat. § 177.254, by failing to allow Plaintiffs and the proposed class members to take their allowed meal breaks.

83.    Under Minn. Stat. § 177.27, Subd. 7 and Subd. 8, Defendants are subject to a penalty, of up to $1,000 for each violation for each employee.  Plaintiffs are also entitled to attorneys' fees and costs incurred in connection with claims incurred under Minn. Stat. § 177.27, and for all other relief as allowed by law.

## COUNT VII – VIOLATION OF THE MFLSA IN FAILURE TO KEEP ACCURATE RECORDS – Minn. Stat. § 177.30, on Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class

84.    Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

85.    Defendants are required to make and keep a record of hours worked each day and each workweek by their employees. Minn. Stat. § 177.30.

86.    Specifically, Minn. Stat. § 177.30 requires every employer subject to Minn. Stat. §§ 177.21 - 177-44 to make and keep a record of the name, address, and occupation of each employer, their rate of pay and the amount paid each pay period to each employee, and the hours worked each day and each workweek by the employee. The statute requires employers to keep these records for three years.

17

87.     Defendants violated Minn. Stat. § 177.30 by failing to accurately make and keep a record of the hours actually worked by Plaintiffs and the proposed Minnesota Class members.  Instead, Defendants record inaccurate and artificially reduced hours worked by Plaintiffs and proposed Minnesota Class members. Specifically, Defendant's policies on compensable time prevented Plaintiffs and the proposed Minnesota Class from recording hours worked other than directly seeing patients.

88.     Pursuant to Minn. Stat. § 177.30(b), the Commissioner of the Minnesota Department of Labor and Industry (the "Commissioner") may fine an employer up to $1,000 for each failure to maintain payroll records as required. In determining the amount of a civil penalty, the size of the employer's business and the gravity of the violation shall be considered.

89.     Pursuant to Minn. Stat. § 177.27, Subdivision 7, the Commissioner may order employers who violate Minn. Stat. § 177.30 and other Minnesota wage and hour laws to pay civil penalties, attorneys' fees, and other appropriate relief. Additionally, any employer who is found by the Commissioner to have repeatedly or willfully violated the provisions in Minn. Stat. §§ 177.21-177.44, including Minn. Stat. § 177.30, shall be subject to a civil penalty of up to $1,000 for each violation for each employee.

90.     Pursuant to Minn. Stat. § 177.27, Subdivision 8, employees may seek damages and other appropriate relief that may alternatively be sought by the Commissioner under Minn. Stat. § 177.27, Subdivision 7 and as otherwise provided by law.

91.     Minn. Stat. § 177.27, Subdivision 10 provides that in any action brought pursuant to Minn. Stat. § 177.27, Subdivision 8, the court shall order an employer who is found to be in violation "to pay to the employee or employees reasonable costs, disbursements, witness fees, and attorney fees."

92.     Defendants do not maintain accurate payroll records for Plaintiffs and proposed Minnesota Class members in accordance with Minn. Stat. § 177.30(a). The payroll records for Plaintiffs and proposed Minnesota Class members do not accurately reflect the actual hours worked or the actual rate of pay.

93.     Defendants are liable to Plaintiffs and the proposed Minnesota Class members for the penalties described above in an amount according to proof at time of trial.  Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Minn. Stat. § 177.27, Subdivision 10.

## COUNT VIII – VIOLATION OF MINNESOTA PAYMENT OF WAGES ACT - Minn. Stat. § 181.032, on Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class

94.     Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

95.     Minn. Stat. § 181.032 requires employers, at the end of each pay period, to provide each employee an earnings statement covering that pay period. The statute requires that the wage statement must include: the employee's name, the hourly rate of pay, the total number of hours worked by the employee, the total amount of gross pay,

the list of deductions made from the employee's pay, the net amount of pay after all deductions are made, the date on which the pay period ends, and the legal name of the employer and operating name of the employer if different from the legal name. See Minn. Stat. § 181.032(b).

96.     Defendants violated and continue to violate Minn. Stat. § 181.032 because Defendants fail to provide the required information in wage statements and fail to provide freely-accessible wage statements to Plaintiffs and the proposed Minnesota Class members in a timely fashion. When wage statements are provided, if at all, Defendants fail to state the total number of hours actually worked by Plaintiffs and the putative Minnesota Class members on their earning statements.

97.     Defendants' violations of the above-named statutes are willful and not the result of mistake or inadvertence.

98.     As a direct and proximate result of Defendants' actions, Plaintiffs and putative Minnesota Class Members have been and continue to be damaged, suffering economic harm, lost earnings and benefits, and other damages.

99.     Defendants are liable to Plaintiffs and putative Minnesota Class Members for civil penalties, damages, compensatory damages, and other relief including but not limited to injunctive relief, and all costs and attorneys' fees incurred in this action.

**COUNT IX – UNJUST ENRICHMENT - on Behalf of Plaintiffs and the Proposed Minnesota Rule 23 Class**

100.    Plaintiffs, individually and on behalf of the proposed Minnesota Rule 23 Class, re-allege and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

101.    Defendants, using the above-referenced unlawful employment practices, exploited Plaintiffs and the proposed Minnesota Class members to their benefit, and are unjustly enriched.

102.    Defendants are liable to Plaintiffs and putative Minnesota Class Members for civil penalties, damages, compensatory damages, and other relief including but not limited to injunctive relief, and all costs and attorneys' fees incurred in this action.

## JURY TRIAL REQUESTED

103.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of the putative FLSA Collective and proposed Minnesota Rule 23 Class, demand a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of the proposed FLSA Collective, pray for relief as follows:

1.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost due to the relevant statute of limitations;

2.  Judgment that Plaintiffs and those similarly situated are entitled to the straight-time and overtime protections, as well as other damages under the relevant federal and statutes;

3. Judgment that Defendants' violations were willful;

4. An award to Plaintiffs and those similarly situated in the amount of unpaid straight time, overtime wages, as well as other liquidated damages and civil penalties;

5. An award of any pre- and post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. Such further relief as may be necessary and appropriate.

WHEREFORE, Plaintiffs as class representatives, individually and on behalf of the proposed Minnesota Rule 23 Class, prays for relief as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class, and the appointment of Plaintiffs as class representatives and their counsel as class counsel;

2. Judgment against Defendants for an amount equal to Plaintiffs' and the proposed Minnesota Rule 23 Class' unpaid wages;

3. Judgment that Defendants' conduct as described herein be determined and adjudicated to be in violation of the law;

4. A finding that Defendants' violations are willful;

5. An amount equal to Plaintiffs' and the proposed Minnesota Rule 23 Class' damages as liquidated damages and civil penalties;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs; and

8. Such further relief as the Court deems just and equitable.

Dated: April 9, 2021                    **Innovative Legal Services, P.C.**


/s/ Richard Liu
**Richard Liu, Esq. (0398214)**
Richard.liu@consultils.com
Innovative Legal Services, P.C.
400 S. 4th St. Suite 401
Minneapolis, MN, US 55415
Tel: 626-344-8949
www.consultils.com

*Attorney for Plaintiffs*